IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WEBPORIUM LLC d/b/a MEGALOPOLIS, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE LOYAL SUBJECTS WAVE 2, LLC, a Delaware limited liability company; JONATHAN CATHEY, an individual; and EAMON RONAYNE, an individual;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE ON JURISDICTION**<br><br>Case No. 2:17-cv-1282-CW<br><br>Judge Clark Waddoups |

Defendants The Loyal Subjects Wave 2 LLC (TLS), Jonathan Cathey (Cathey), and Eamon Ronayne (Ronayne) (collectively, the Defendants), have removed this civil action originally filed by Plaintiff Webporium LLC d/b/a Megalopolis (Megalopolis) in the Fourth Judicial District Court of Utah County. Defendants assert the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* ECF No. 2, ¶ 2.) The Notice of Removal, however, is insufficient to establish that this court has diversity jurisdiction over the action because the Defendants have not included allegations as to the citizenship each of the LLCs' members or the citizenship of the individual defendants.

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United*

*States v. Cotton*, 535 U.S. 625, 630 (2002)). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *See* 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 77 (1941) (discussing congressional policy behind diversity jurisdiction requirements, which requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

First, Defendants allege that Megalopolis is a Utah limited liability company that maintains its principal place of business in Utah County, Utah, and that TLS is a Delaware limited liability company that maintains its principal place of business in Los Angeles County, California. (*See* ECF No. 2, ¶ 2.) These allegations confuse the standard for pleading the citizenship of LLCs/unincorporated entities with that for corporations.

For unincorporated entities, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of all [its] members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990)). Moreover, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an

2

unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("We note as well that this jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each sub-member as well." (quotation omitted)); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Defendants have failed to allege the citizenship of each of Megalopolis's and TLS's members. (*See* ECF No. 2, ¶ 2.) The Complaint provides no further allegations regarding the LLCs' members. (*See* ECF No. 2-1, ¶¶ 1-2.) In addition, the case caption states that Megalopolis is a "Utah corporation," which conflicts with Megalopolis's allegation that it is a LLC.

Next, Defendants allege that Cathey and Ronayne are individuals who reside in Los Angeles County, California, (ECF No. 2, ¶ 2), but such allegations are insufficient to establish diversity jurisdiction. With respect to natural persons, diversity is also based on the person's citizenship. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs*, 781 F.3d at 1238 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)). Indeed, "an allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Id.* A person is domiciled in a state "when the person

resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Defendants must allege the domicile or citizenship of each of the individual defendants.

Due to the deficiencies identified above, Defendants have not satisfied the pleading requirements to establish diversity jurisdiction in this case. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in [its] favor must allege in [its] pleading the facts essential to show jurisdiction." (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))).

The court therefore ORDERS Defendants, **on or before December 20, 2017**, to show cause why this action should not be dismissed for lack of jurisdiction or to amend the Notice of Removal to plead properly the citizenship of the business entities and the natural persons in this action. Failure to do so will result in the action being dismissed for lack of jurisdiction.

SO ORDERED this 14th day of December, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge